UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASON ROSZKOWIAK,

    Plaintiff,

    v.

ELK GROVE VILLAGE, a municipal
corporation, and RAY BAUER, an individual,

    Defendants.

No. 15 C 5207
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Roszkowiak filed a two-count complaint against Defendants Ray Bauer and Elk Grove Village ("Village" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for constitutional violations. In Count I, Plaintiff alleges that Bauer deprived him of his constitutional rights under the Fourth and the Fourteenth Amendments. In Count II, Plaintiff claims that the Village's refusal or neglect to prevent such deprivations makes the Village liable for Plaintiff's constitutional deprivations. Currently before me is Defendants' motion to dismiss the complaint under Rule 12(b)(6) and impose Rule 11 sanctions.

### BACKGROUND

Plaintiff operates a contracting and plumbing business in Elk Grove Village, where Defendant Ray Bauer is a Village Plumbing Inspector. On several occasions prior to July 2013, Bauer, while performing his duties as the Village Plumbing Inspector, requested that Plaintiff lend him tools and equipment, such as a backhoe for use in Bauer's private plumbing business. Sometime before July 2013, Plaintiff told Bauer that he would no longer be lending him any tools.

1

According to the complaint, two individuals who identified themselves as paramedics appeared unannounced at Plaintiff's place of business and performed an inspection on July 12, 2013. A few days later on July 15, 2013, an Elk Grove Village Inspector and another individual who identified himself as a State Fire Inspector attempted to obtain access to Plaintiff's business in order to do an inspection. The individual who claimed to be a Fire Inspector refused to show any identification or leave when Plaintiff's employees asked him to do so. Instead, Plaintiff alleges that the two individuals forced their way past Plaintiff's employees and accessed the premises, including Plaintiff's storage locker. By phone, Plaintiff asked the individuals to leave but they refused. When Plaintiff contacted the State Fire Marshal Office, he was told that no inspection for Plaintiff's business was scheduled or conducted that day.

A few days later, Plaintiff noticed that a window to his storage locker was ajar. Plaintiff alleges that his equipment and materials had been moved and scattered across the floor. Plaintiff reported this incident to the Village Police as a burglary. Plaintiff alleges that his other properties in the Elk Grove Village have been repeatedly inspected and fined since this incident.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) does not test the merits of a claim; rather, it tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. *Id.* at 1521. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**DISCUSSION**

**I.     Plaintiff's Claim against Bauer (Count I)**

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). A plaintiff coming to federal court pursuant to Section 1983 must establish a deprivation of a right secured by the Constitution or federal law by someone acting under the color of law. *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). Plaintiff alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments. These claims fail, however, because Plaintiff has not alleged sufficient facts to state plausible claims for relief.

**A.     Plaintiff's Fourth Amendment Claim**

The Fourth Amendment protects the "[t]he right of . . . people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protection against unreasonable searches and seizures extends to "administrative searches of commercial premises." *Contreras v. City of Chi.*, 920 F. Supp. 1370, 1389 (N.D. Ill. 1996); *see also See v. City of Seattle*, 387 U.S. 541, 545 (1967) (where the court held that "without consent, upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrant procedure.").

Plaintiff first alleges that his Fourth Amendment rights were violated when Village actors searched his business premise during an inspection. However, since "the expectation of privacy concerning commercial premises held by the owner of a 'closely regulated' business is an attenuated one," courts have generally allowed administrative searches of highly regulated commercial premises without a warrant. *Contreras*, 920 F. Supp. at 1389.

Plaintiff's complaint suggests that his plumbing business is a highly regulated one. Plaintiff notes, for example, that Elk Grove Village hires and dispatches plumbing inspectors like Bauer. The individuals who inspected Plaintiff's business premise might have done so pursuant to Village's regulation scheme for plumbing businesses. In that case, Plaintiff is unlikely to demonstrate a clear violation of a Fourth Amendment right. Even if he does, Plaintiff will be unable to overcome the inspectors' qualified immunity against civil suits. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (explaining that "the doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotations omitted)).

I am not required, however, to reach a conclusion as to whether the inspections that have occurred since July 2013 have violated Plaintiff's Fourth Amendment rights or whether this right is one that a reasonable person would have known. Plaintiff's claim is against Bauer and not the individuals who have allegedly improperly entered and took his property. Even while accepting all allegations in the complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff simply fails to state what role Bauer had in the inspections or burglary. Courts do not generally adjudicate improper administrative inspection claims against an inspector who took no part in them. *See e.g.*, *Aida Food & Liquor, Inc. v. City of Chi.*, No. 03 C 4341, 2005 WL 736015, at *2 (N.D. Ill. Mar. 29, 2005) (convenience store owner sues the inspectors, their supervisors, and the city for allegedly improper building inspections); *Contreras*, 920 F. Supp. 1370 (restaurant owner and employees sue city counselor, commissioner of consumer services, and city for allegedly improper food inspection). Because Plaintiff has not provided sufficient allegations against Bauer, Plaintiff's Fourth Amendment claim does not raise "a right of relief

4

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

As a matter of fact, an alternative theory of lawful, rather than Plaintiff's theory of unlawful, conduct is just as consistent as Plaintiff's allegations. The Village Fire Inspectors, Building Inspectors, the Police, as well as any other Village personnel were possibly just doing their jobs rather than joining together in a conspiracy to intimidate and harass Plaintiff for refusing to lend equipment to a Village Plumbing Inspector. A merely formulaic recitation of a cause of action with facts that does not tip Plaintiff's theory from possible to plausible indicates a failure to properly state a claim. *See Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

**B.     Plaintiff's Fourteenth Amendment Equal Protection Claim**

To plead a claim for deprivation of equal protection rights under the Fourteenth Amendment, a class-of-one plaintiff must show that he was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Fares Pawn, LLC, v. Ind. Dep't of Fin. Inst.*, 755 F.3d 839, 845 (7th Cir. 2014). Plaintiff does not identify, as is normally done in a class-of-one case, some comparator, "some similarly situated person who was treated differently," to demonstrate "an absence of rational basis" for the difference in treatment. *Id.* Instead, Plaintiff claims that Bauer has conspired with Village members in order to violate his Equal Protection Rights without providing further factual or legal basis for this claim.

To properly plead conspiracy, a plaintiff must demonstrate that "the conspirators had an agreement to inflict injury or harm upon him." *Hernandez v. Joliet Police Dep't.*, 197 F.3d 256, 263 (7th Cir. 1999). This means that the Plaintiff should at least allege the parties, the general purpose, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Plaintiff alleges that Bauer had enlisted various compatriots and conspirators to cause Plaintiff harm and injury with the purpose of punishing him for ceasing to lend Bauer plumbing

5

tools. This amounts to "mere suspicion that persons adverse to the plaintiff had joined a conspiracy," and is not enough to properly plead conspiracy. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Plaintiff's claim against Bauer is therefore dismissed for failure to state a claim upon which relief can be granted.

## II.     Plaintiff's Claim Against the Village (Count II)

In order for a municipality to be liable under 42 U.S.C. § 1983, a Plaintiff must demonstrate that the actions of the city pursuant to an official city policy deprived him of a federal right. *See Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A theory solely relying on respondeat superior is not sufficient to impose Section 1983 liability upon a municipality. *Id.* at 691. Plaintiff fails to provide facts that plausibly show the existence of a policy, practice, or custom that satisfies the basis for bringing a suit against a municipality. *Id.* at 690–91.

Plaintiff alleges a pattern of indifference by the Village's actions as a municipal corporation by failing to prevent or aid in preventing the wrongs Bauer conspired to commit against him. According to Plaintiff, this pattern of indifference equates to a failure to diligently exercise Village's duties to instruct, supervise, control, train, and discipline Bauer.

Although a municipal corporation may be liable for its failure to train, supervise, or discipline its employees, this liability cannot be derived from a single incident by a non-policy-making municipal employee. *See, e.g.*, *City of Canton v. Harris*, 489 U.S. 378 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). The inadequacy to train must indicate "a faulty training program" rather than inadequate training of a few individual employees. *Harris*, 489 U.S. at 390. Plaintiff fails to allege any theory or facts that the Village's failure to train and supervise Bauer may surpass a collection of few isolated incidents, if any. In particular, Plaintiff

6

does not show how the Village's training program is flawed. Therefore, Plaintiff's suit against the Village is dismissed.

## III. Rule 11 Sanctions

It is true that Rule 11 allows motion for sanctions against an attorney for conduct that violates Rule 11(b). Sanction may be imposed for falsely representing to the court pleadings that are not reasonably based in law or fact. However, I am not convinced that Plaintiff's strategy is to allege as many theories as possible with disregard for the truth of what is asserted in the pleadings. Just because a claim is not well-supported does not mean the attorney has pled false facts or legal theory. *See Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). Accordingly, I decline to impose any Rule 11 sanctions against Plaintiff's attorneys.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and impose sanctions is granted in part and denied in part. I am dismissing both of Plaintiff's claims, but I am denying Defendants' request for sanctions.

ENTER:

James B. Zagel
United States District Judge

DATE: December 18, 2015